**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

**UNITED STATES OF AMERICA**

**v.**                                                                  **Criminal Action No. 2:05cr68**

**JEFFREY ALAN LEWIS,**

      **Defendant.**

## ORDER and OPINION

This matter comes before the court on the defendant's motion to dismiss the indictment

against him for failure to state a valid crime committed by the defendant.  The defendant filed

this motion and a supporting memorandum of law on June 30, 2005, and the government filed a

response on July 28, 2005.  On August 9, 2005, the court conducted a hearing on this motion

with the defendant and counsel for both parties present.  For the reasons stated on the record

during the hearing on this motion, as well as those discussed herein, the court **DENIES** the

defendant's motion to dismiss the indictment.

### I. Background

On May 25, 2005, a federal grand jury sitting in the Eastern District of Virginia returned

an indictment charging the defendant, along with twenty-two other individuals, with multiple

violations of the Controlled Substances Act.  Specifically, the defendant is charged in Count One

with a conspiracy to commit various felony offenses of the Controlled Substances Act, in

violation of 21 U.S.C. § 846, and in Counts 74 -77 with using a communication facility to cause,

commit and/or facilitate felony violations of the Controlled Substances Act, in violation of 21

U.S.C. § 843(b).

1

Count One of the indictment, which alleges that all twenty-three defendants engaged in a conspiracy pursuant to 21 U.S.C. § 846, details eleven separate statutory violations which serve as the objects of the conspiracy.  The conspiracy count does not specifically associate any of the eleven underlying statutory violations with particular defendants.  As a result, different defendants are alleged to have formed conspiracies to violate different provisions of the Controlled Substances Act.

It is apparent from the memoranda of both parties that extensive discovery has been produced in this case that has clarified for the defendant which specific violations of the Controlled Substances Act are alleged to be attributable to him through operation of the conspiracy alleged in Count One.  In the course of the August 9, 2005 hearing, the government asserted that Count One charged the defendant with: Conspiracy to possess five grams or more of cocaine base (which would be lesser-included offense of conspiracy to possess with the intent to distribute fifty grams or more of cocaine base, as charged in Count One); conspiracy to use a communication facility in causing, committing and/or facilitating any felony acts; and conspiracy to open, lease, rent, use or maintain any place for the purpose of manufacturing, distributing or using any controlled substance, all in violation of 21 U.S.C. § 846.

The defendant is also charged in Counts 74-77, each of which charges the defendant with a separate instance of using a communication facility in causing, committing and/or facilitating the commission of any act or acts constituting a felony under Title 21 of the United States Code, in violation of 21 U.S.C. § 843(b).  The information included in the description of Counts 74-77 is in spreadsheet fashion, and merely lists a date, the defendant's name, and the number associated with the telephone call that is alleged to have facilitated a felony drug crime.  Neither

2

the particular controlled substance associated with each alleged transaction, nor the particular felony alleged to have been facilitated by the defendant's use of the telephone are identified in Counts 74-77.

The factual background leading up to the indictment is largely not in dispute, at least with respect to the instant motion.  Over a several month period, the Norfolk Police Department and the Federal Bureau of Investigation were authorized to conduct electronic surveillance over a number of cell phones belonging to various co-defendants.  Many of the intercepted calls concerned a cell phone belonging to co-defendant Dewrel Burleson.  The government also made use of a pen register.  It revealed that the defendant contacted Burleson 263 times from December 29, 2004 through March 8, 2005.  The defendant was contacted by Burleson fourteen (14) times during the same period.  The parties agree that not all of these calls resulted in a conversation between the defendant and Burleson.

In summary, the evidence that the parties agree form the bases for the charges in the indictment against the defendant suggests that Burleson was the defendant's drug supplier for cocaine base on a number of occasions.  The defendant claims that he only contacted Burleson to purchase cocaine base for his personal use, and always bought less than one gram per purchase. The defendant states that the relationship between himself and Burleson was merely that of drug addict buyer to seller.  The government claims that the defendant purchased cocaine base regularly from Burleson, over a period of months, in quantities that aggregated to well over five grams of cocaine base.  The government asserts that the manner in which the transactions occurred, including their frequency and delivery method, reveals a more substantial relationship between the defendant and Burleson.

II. Arguments of the Parties

A. Defendant

The defendant does admit that the indictment at issue is generally sufficient.  The

defendant, and the court on his behalf, initially did take issue, however, with the indictment's

failure to specify the specific felony that is alleged to have been facilitated by the defendant's use

of, or agreement to use, a communication facility.  This issue appears to have been resolved

during the course of the August 9, 2005 hearing as the government asserted that the indictment

alleges that the defendant's use of the telephone facilitated Burleson's felonious distribution of

cocaine base.

The defendant argues that, in the course of each transaction with Burleson, he purchased

an amount of cocaine base which would only constitute the misdemeanor offense of simple

possession of a controlled substance, in violation of 21 U.S.C. § 844(a).  Thus, the defendant

concludes that use of a communication facility to facilitate a misdemeanor offense does not state

a violation of 21 U.S.C. § 843(b) or a violation of 21 U.S.C. § 846 for conspiracy to commit the

section 843(b) violation.  As the indictment fails to state a violation of section 843(b), the

defendant argues that dismissal is appropriate.

In support of this argument as to the reach of the section 843(b), the defendant relies on

decisions of the Sixth, Ninth and Tenth Circuits, all of which indicate that a defendant that used a

communications device only to order drugs for personal use cannot be convicted under section

843(b).  See United States v. Baggett, 890 F.2d 1095 (10th Cir. 1990); United States v. Van

Buren, 804 F.2d 888, 892 (6th Cir. 1986); United States v. Martin, 599 F.2d 880 (9th Cir. 1979).

During the hearing, the defendant made reference to nonspecific case law from other circuits;

4

however, the court has determined that the above-referenced cases are those that touch most directly on this issue.

Furthermore, the defendant contends that because his relationship with Burleson can only be characterized as that of a buyer-seller relationship, the defendant cannot be held legally responsible for participating in a conspiracy of any kind.  The defendant argues that the government cannot aggregate the misdemeanor quantities of cocaine base purchased by the defendant as a result of separate transactions to reach an amount of cocaine base in excess of five grams that would support a felony possession charge.

In the course of the hearing, the defendant's counsel did admit that the issue raised in his motion was largely restricted to whether a buyer of misdemeanor quantities of cocaine base could be subject to a section 843(b) charge.  Upon learning that the government planned to assert that the defendant was involved in the lesser-included offense of conspiracy to possess more than five grams of cocaine base, however, the defendant argued that there was no authority whatsoever in support of aggregating smaller quantities to reach the felony threshold.

 B. Government

The government argues that the indictment in this case is constitutionally sufficient as it fairly informs the defendant of the charges against him and the elements of those charges.  The government contends that the defendant has been supplied with sufficient discovery to clarify any uncertainties as to what portions of Count One apply to him and what drugs are at issue in Counts 74-77.

The government disagrees with the cases cited by the defendant in support of his interpretation of section 843(b), insofar that the plain language of the statute does not condition

5

its reach to a felony committed by the defendant, as opposed to a third party.  The government argues that the reach of section 843(b) is not limited by what a buyer of drugs chooses to do with them once he has used a telephone to facilitate their distribution.  In support of this rationale, the government relies on cases from the Fifth and Seventh Circuits.  With respect to the section 843(b) counts, the government stressed that Burleson's distribution of cocaine base, rather than the defendant's misdemeanor possession of cocaine, was the felony facilitated.

Additionally, the government contends that the defendant is not protected from conspiracy charges by operation of the buyer-seller rule.  The government also argues in its memorandum of law that because the defendant incrementally possessed over five grams of cocaine over time, and section 844(a) makes possession of such a quantity a felony, his use of a telephone facilitated his felony possession of over five grams of crack cocaine.

This latter argument raised the issue of whether drug quantities could be aggregated in such a manner as to transform misdemeanor possession into felony possession.  During the course of the August 9, 2005 hearing, the defendant stressed that there was no case law supporting such a position.  The court believes this to be correct, but also that this issue has received some confused treatment by the parties.  After questioning the government at the hearing, it is clear that the felony that the government alleges that the defendant facilitated through his use of the telephone was Burelson's distribution of cocaine base, not the defendant's aggregated possession of misdemeanor quantities of cocaine base into a felony quantity.  Thus, there is no issue regarding the treatment of the defendant's alleged aggregated possession of cocaine base; rather, any issue of aggregation arises only in the context of the alleged conspiracy to possess with intent to distribute, and whether a conspiracy to possess at least five grams of

6

cocaine base is a lesser-included offense.

In arguing that the defendant could be charged in a conspiracy to possess five grams or more of cocaine base, the government argued that drug weights may be aggregated to establish a defendant's role in a conspiracy.  The government contends that the defendant has confused the operation of 21 U.S.C. §§ 841(a)(1) and 844(a) with 21 U.S.C. § 846.  While the government agrees that separate instances of misdemeanor possession under section 844(a) could not be aggregated to form a felony possession charge under section 844(a), the government insists that such quantities can be aggregated in the course of a conspiracy charged under section 846.

### III. Discussion

At the outset, the court believes that it is very important to consider and emphasize the procedural posture of this case at present.  The defendant's motion, although challenging the validity of certain counts in the indictment based on the examination of proffered evidence, requests the rather extreme remedy of dismissing the indictment for failure to state a crime.  This is certainly a different context than reviewing the sufficiency of the evidence following a conviction, the posture in which many of the cases cited by the parties were presented.  The court, in passing on the sufficiency of the indictment, need only determine whether valid crimes have been alleged.  As set forth herein, the court may not look behind the indictment to determine the adequacy of the evidence supporting otherwise valid charges.  Accordingly, many of the issues raised by the parties with respect to the application of the so called buyer-seller rule and whether the evidence reveals that the defendant engaged in conspiratorial conduct are questions to be determined by the trier of fact and, thus, are premature in the context of the instant motion.

A. Motion to Dismiss Indictment

At issue, then, is the sufficiency of the indictment, rather than the sufficiency of the evidence supporting it.  Federal Rule of Criminal Procedure 7(c)(1) directs that an indictment "shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1).  "To pass constitutional muster, an indictment must (1) indicate the elements of the offense and fairly inform the defendant of the exact charges and (2) enable the defendant to plead double jeopardy in subsequent prosecutions for the same offense." United States v. Williams, 152 F.3d 294, 299 (4th Cir. 1998).  Ordinarily, an indictment that tracks the statutory language is sufficient, however, "[t]he mere failure to track the precise language of a statute, without more" will not render an indictment insufficient. Williams, 152 F.3d at 299.

When challenged prior to conviction, the Fourth Circuit rather rigorously requires that the indictment recite the essential elements of each charged offense.  United States v. Darby, 37 F.3d 1059, 1063 (4th Cir. 1994).  An essential element is one "whose specification . . . is necessary to establish the very illegality of the behavior and thus the court's jurisdiction." United States v. Hooker, 841 F.2d 1225, 1231-32 (4th Cir. 1988).  "[T]he sufficiency of an indictment should be determined by practical, as distinguished from purely technical, considerations." United States v. Cobb, 905 F.2d 784, 790 (4th Cir. 1990).  Discovery provided prior to trial may also supplement an indictment to the extent it enables a defendant to prepare a defense.  See United States v. Black, 1997 U.S. App. Lexis 36100, at *5, *7 (4th Cir. Dec. 24, 1997) (describing that indictment need not be so detailed that it can, standing alone, bar later prosecution).

"One of the principal purposes of an indictment is to apprise the accused of the charge or

charges against him so he can prepare his defense." United States v. Fogel, 901 F.2d 23, 25 (4th Cir. 1990). While it is clear that the instant indictment does apprise the defendant of the charges against him, it fails to specify exactly what violations of the Controlled Substances Act that he is alleged to have been involved in a conspiracy to violate. It does appear to the court, however, that this failing has been remedied through the discovery process.

Both parties agreed that, excepting the somewhat confused issue of the lesser included offense of conspiracy to possess felony amounts of cocaine base, which is discussed further herein, the salient issue presented by the defendant's motion are the elements of 21 U.S.C. § 843(b) and whether the government has alleged facts that, if true, would constitute a violation of this statute. Section 843(b) of Title 21 states:

> It shall be unlawful for any person knowingly or intentionally to use any communication facility in committing or in causing or facilitating the commission of any act or acts constituting a felony under any provision of this subchapter or subchapter II of this chapter. Each separate use of a communication facility shall be a separate offense under this subsection.

21 U.S.C. § 843(b). An indictment issued for violations of section 843(b) should specify "the type of communication facility used, the date on which it was used, the controlled substance involved and some sort of statement of what is being facilitated with that controlled substance which constitutes a felony." United States v. Hinkle, 637 F.2d 1154, 1158 (7th Cir. 1981).

It is apparent that Counts 74-77 of the indictment do not contain all of this information. Specifically, there is no description of the controlled substance involved and no statement as to what is being facilitated that is alleged to have constituted a felony. While it does appear that the controlled substance involved is cocaine base, it was less certain, prior to the August 9, 2005 hearing, what acts are alleged that constituted a felony. The defendant contends that what is

being facilitated is alleged to be misdemeanor simple possession, and thus, not a violation of

section 843(b).  The government contends, however, that what is being facilitated is felony

distribution of cocaine base by Burleson.  The issue the court must resolve is whether the

elements of section 843(b) require the facilitated felony to be committed by the defendant.

This omission of the drugs involved or felony facilitated is less problematic in the context

of Count One, because it alleges a violation of section 846, rather than section 843(b).  A

conspiracy indictment under section 846 does not need to contain the detailed information that an

underlying substantive charge might; "it is sufficient if the indictment alleges a conspiracy . . .

identifies the time period in which the conspiracy allegedly operated, and specifies the statute

allegedly violated[,]" in this case, section 843(b).  Black, 1997 U.S. App. Lexis 36100, at *4-5

(citing United States v. Gaytan, 74 F.3d 545, 552 (5th Cir. 1996)).  The focus of a conspiracy

charge is the agreement to violate the law by undertaking prohibited conduct.  United States v.

Mills, 995 F.2d 480, 484 (4th Cir. 1993).  Accordingly, the defendant's argument with respect to

Count One is that no agreement to violate the law existed because the use of a telephone to

facilitate purchases of misdemeanor quantities of cocaine base is not a criminal act.

As discussed more fully below, any discussion of the anticipated buyer-seller defense and

whether the defendant can be held liable for his participation in the conspiracy is premature in

this procedural posture.  The defendant's involvement in an alleged conspiracy is a question of

fact, and an indictment is not subject to dismissal based on inadequacy or incompetence of

evidence presented to a grand jury.  See United States v. Klecker, 348 F.3d 69, 73 (4th Cir. 2003)

(citing Costello v. United States, 350 U.S. 359, 363 (1956)).  The Fifth Amendment, which

affords each defendant the right to an indictment returned by a grand jury, requires only that "an

10

indictment returned by a legally constituted and unbiased grand jury . . . if valid on its face, is enough to call for trial of the charges on the merits." Costello, 350 U.S. at 364.  The court may not look behind the indictment to see if it is supported by adequate or competent evidence.  See United States v. Mills, 995 F.2d 480, 487 (4th Cir. 1993) (noting that courts lack authority to review either competency or sufficiency of evidence which forms basis of an indictment).

This indictment is clearly valid on its face or as supplemented by discovery, assuming that what is alleged constitutes a crime.  It is only by introducing evidence obtained through discovery that the defendant claims that the indictment fails to allege a violation of the law.  The defendant's challenge is almost more of a request for a preview of the court's jury instructions based on proffered evidence.  The court need not go this far; rather, the court must determine whether the indictment states a valid charge on its face by determining whether a valid section 843(b) charge includes the facilitation of a felony ultimately committed by a third person, in this case, Burleson.

B. 21 U.S.C. § 843(b)

As identified in the contrasting positions of the parties, a circuit split does exist on the reach of section 843(b).  It should be noted, however, that none of the decisions cited and discussed by the parties arose in the context of a motion to dismiss the indictment, or involved a conspiracy to violate section 843(b).  It appears as if forming a charge as a conspiracy to violate section 843(b) is somewhat unusual, although the court has uncovered instances in which the government has alleged such a charge.  See e.g., United States v. Sylvester, 143 F.3d 923, 926 (5th Cir. 1998).  To the extent that section 846 conspiracy offenses and section 843(b) facilitation offenses are put together, it is more common to see a charge of use of a communication facility to

facilitate a section 846 conspiracy.  See e.g., Martin, 599 F.2d at 888.

In United States v. Martin, 599 F.2d 880 (9th Cir. 1979), the defendant was charged and convicted with using a communication facility to facilitate a conspiracy to possess with intent to distribute and to distribute heroin and cocaine.  Again, although this case involved the merging of both a conspiracy and use of a telephone facility in one count, the charge in Martin was different than that of the instant case, which charges conspiracy to use a communication facility, rather than vice versa.  In passing on a sufficiency of the evidence challenge, the Ninth Circuit noted that there was only evidence to support a finding that the defendant used a telephone to attempt to purchase cocaine for his personal use.  See Martin, 599 F.2d at 888.  The defendant argued that "a purchaser's relationship to a distribution conspiracy from which he buys is of such a marginal nature that he cannot be considered a 'facilitator' within the meaning of the statute." Id.

The Ninth Circuit agreed, holding that "a mere customer's contribution to the business he patronizes does not constitute the facilitation envisioned by Congress." Id. at 889.  In so holding, the Ninth Circuit relied on a Supreme Court decision which held that a gambler, whose participation in a gambling business was only that of a bettor, and not a proprietor, could not be found guilty of acting with intent to facilitate the unlawful gambling activities.  See id. (citing Rewis v. United States, 401 U.S. 808, 811 (1971)).  The Ninth Circuit made no mention of the quantities of drugs involved and this decision is, in a sense, more of an application of the buyer-seller rule, because the court held that the mere buying of drugs does not facilitate a conspiracy, which was the underlying felony that the defendant was charged with facilitating.  In other words, because the mere purchase of drugs did not establish the defendant's participation in the

conspiracy, he could not, by the mere purchase of drugs, have facilitated a conspiracy with which he was not involved.

In <u>United States v. Van Buren</u>, 804 F.2d 888 (6th 1986), the defendant plead guilty to a charge of using a communication facility to facilitate a conspiracy to possess with intent to distribute and to distribute a quantity of cocaine.  The Sixth Circuit applied <u>Martin</u>, and described that although the district court "did establish that the defendant used the telephone to purchase a gram or two of cocaine, evidence of the purchase of cocaine for personal use does not establish use of the telephone to further the conspiracy."  Again, as with <u>Martin</u>, this holding was largely dependent on the tenuous connection between merely buying cocaine and participating in a conspiracy.  The Sixth Circuit stated that "[o]ne must know of the conspiracy to commit the crime of conspiracy or to facilitate the conspiracy."  <u>Id.</u> at 892.

It does appear that the Sixth and Ninth Circuits overlooked the proper emphasis of section 843(b), which is on the use of the telephone in facilitating the underlying drug felony.  Rather than focusing on whether the defendant's purchase of drugs facilitated the underlying conspiracy, which these courts viewed as another way of determining whether the defendant could have been connected to the conspiracy, the crucial inquiry, as described herein, seems to be whether the use of the telephone to set up drug purchases facilitated the conspiracy.  In essence, these decisions determined that a defendant must engage in a conspiracy before he can be held liable for facilitating it.

The decision of the Ninth Circuit plainly reveals this alternate focus in stating "[w]e have found no decisions of this circuit which lend support to the government's position that the distribution of drugs or an agreement to distribute drugs is 'facilitated' by a purchaser of the

13

drugs." Martin, 599 F.2d at 888.  The act of facilitation under section 843(b), however, was not committed by the defendant's action in purchasing the drugs, but by his action in using the telephone to do so.  See 21 U.S.C. § 843(b).

The decision of the Tenth Circuit in United States v. Baggett, 890 F.2d 1095 (10th Cir. 1989) is more similar to the facts at hand because the felony alleged to have been facilitated was not a conspiracy and was, as the defendant argues in this case, not a felony at all.  After a jury trial, the defendant had been found guilty of simple possession of heroin under 21 U.S.C. § 844(a) and of three (3) counts of using a telephone to facilitate the distribution of heroin under 21 U.S.C. § 843(b).  In appealing, the defendant argued that section 843(b) did not apply to individuals who used the telephone to arrange drug purchases for their own personal use.  The government, in response, conceded that the simple possession of heroin under section 844(a) was a misdemeanor but contended, as does the government in this case, that the defendant's use of the phone facilitated the distribution of heroin by her supplier in violation of 21 U.S.C. § 841(a)(1).  See Baggett, 890 F.2d at 1097.

The Tenth Circuit, as did the Ninth Circuit in Martin, examined the legislative history of the Controlled Substances Act and determined that customers or possessors of controlled substances were in a different category than distributors.  Accordingly, the Baggett court determined  that section 843(b) did not envision "both seller and consumer falling under its strictures."  Id. at 1098.

It is evident, as argued by defendant, that the decisions of the Sixth, Ninth and Tenth Circuits focus on whether the acts of the individual who is alleged to have used a communication facility constitute a felony under the Controlled Substances Act.  Two circuits, however, have

followed a different approach that this court finds well reasoned.   In United States v. Binkley, 903 F.2d 1130, (7th Cir. 1990), the defendant appealed a conviction that included two counts of the use of a telephone to facilitate the distribution of cocaine.  The defendant argued that there was insufficient evidence to convict him on these counts, as he only purchased cocaine for his own use.  Thus, the defendant relied on the "buyer-seller" defense, as does the defendant in the instant case.  See Binkley, 903 F.2d at 1132.

Contrary to the decision of the Ninth Circuit in Martin, the Seventh Circuit determined that even if the defendant's use of the telephone resulted in his purchase of cocaine for personal use, the defendant nevertheless violated 21 U.S.C. § 843(b).  The Seventh Circuit rejected the Martin court's reasoning and determined "that the term 'facilitate' should be given its ordinary meaning, which is, simply, 'to make easier.'" Id. at 1135 (citing United States v. Phillips, 664 F.2d 971, 1032 (5th Cir. 1981)); see also United States v. Mertilus, 111 F.3d 870, 872 (11th Cir. 1997) (noting that "to facilitate" means that the government must establish that the telephone communication made the narcotics offense easier or less difficult and, thereby, assisted or aided the crime).  The Seventh Circuit determined that "it is not necessary to determine what a defendant does with the cocaine he purchased in order to determine whether the defendant violated [section] 843(b). . . .  Binkley's telephone conversations with Solomon not only made Solomon's sale of cocaine . . . easier, it made the sale possible. . . .  Binkley's subsequent treatment of the cocaine cannot retroactively diminish Binkley's previous facilitation of Solomon's cocaine sale." Id. at 1135-36.

In United States v. Kozinski, 16 F.3d 795, 807 (7th Cir. 1994), the Seventh Circuit relied on its prior decision in Binkley and outlined the scope of section 843(b) in more direct

terms, holding that:

> [i]f, by their use of the telephone, the appellants have made the distribution of the cocaine easier, they have facilitated it and violated the statute. . . . What they do with the cocaine after it is distributed is irrelevant to whether they facilitated the distribution; the crime is complete long before they either use or dispose of the cocaine. . . .  Under the clear terms of the statute a person who uses a telephone to assist the distribution of cocaine, and then consumes the cocaine is as culpable as the one who uses the telephone to assist the distribution, and then gives the cocaine to another to consume.  In sum, the defendants' status as buyers or distributors is of no consequence regarding section 843(b); rather, their status as facilitators alone gives rise to criminal liability.

Id. at 807.

As referenced in Binkley, the Fifth Circuit, in United States v. Phillips, 664 F.2d 971, 1032 (5th Cir. 1981), acted in similar fashion in upholding a conviction under section 843(b).  In noting that the definition of facilitation is "to make easier," the court described that "[i]t is sufficient if a defendant's use of a telephone to facilitate the possession or distribution of controlled substances facilitates either his own or another person's distribution or possession." Phillips, 664 F.2d at 1032.

Although the Fourth Circuit has not ruled on this issue, a number of published and unpublished decisions suggest to this court that the Fourth Circuit would be inclined to follow the reasoning of the Fifth and Seventh Circuits, rather than that of the Sixth, Ninth and Tenth. In United States v. Hutchins, 1994 U.S. App. Lexis 18735, at *15 (4th Cir. Jul. 25, 1994), a defendant contended that the evidence was insufficient to support her conviction for illegally using a telephone to facilitate the distribution of cocaine.   The Fourth Circuit determined that the evidence, consisting of two taped telephone conversations between the defendant and her co-defendant, which involved a delivery of cocaine to the defendant, as well as certain witness testimony, permitted the jury to infer that the co-defendant was arranging for the delivery of

16

cocaine to the defendant.  <u>See Hutchins</u>, 1994 U.S. App. Lexis 18735, at *16.  This brief

conclusion suggests that the Fourth Circuit, as do the Fifth and Seventh Circuits, focused more

on the facilitation portion of section 843(b), rather than on what was done with the cocaine

following its delivery to the defendant.

In fact, in <u>United States v. Lozano</u>, 839 F.2d 1020, 1023 (4th Cir. 1988), the Fourth

Circuit quoted the Fifth Circuit's definition as given in the <u>Phillips</u> decision in stating that "[t]o

prove the facilitation element of a section 843(b) violation, the government must establish that

'the telephone call comes within the common meaning of facilitate  - - to make easier or less

difficult, or to assist or aid.'"  <u>Lozano</u>, 839 F.2d at 1023 (citing <u>Phillips</u>, 664 F.2d at 1032)).  The

Fourth Circuit rejected the defendant's argument on appeal that no discussion of illegal activity

occurred during the phone call in question and determined that "[f]acilitation was proven by

evidence that [the defendant] made the call announcing his arrival in Virginia to handle the

problem concerning the tainted cocaine."  <u>Id.</u>

Similarly, in <u>United States v. Livas</u>, 1989 WL 5578, at *3 (4th Cir. 1989), the Fourth

Circuit cited the Fifth Circuit's decision in <u>Phillips</u> as to the elements of a section 843(b) offense

and the <u>Lozano</u> court's adopted definition of facilitate.  The Fourth Circuit went on to state that

"[a]dditionally, the government must prove by a preponderance of the evidence the underlying

offense."  <u>Livas</u>, 1989 WL 5578 at *3 (citing <u>United States v. Russo</u>, 796 F.2d 1443, 1463-64

(11th Cir. 1986)).  "'A prima facie case need not include proof that the defendant committed the

underlying offense, only that [he] facilitated its commission.'"  <u>Id.</u> (citing <u>Russo</u>, 796 F.2d at

1463-64).  It is questionable, in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and other

recent Supreme Court decisions whether this determination of the burden of proof is still valid;

however, this case, in line with those of the Fifth and Seventh Circuits discussed above, also focuses on the defendant's act in facilitating the commission of an underlying offense, not in whether the defendant actually committed the offense.  See also United States v. Rey, 641 F.2d 222, 224 n.6 (5th Cir. 1981) (finding that section 843(b) is satisfied by proof of knowing or intentional use of telephone to facilitate another person's commission of an offense).

Finally, in United States v. Drennen, 1997 WL 543379, at *1 (4th Cir. 1997), a defendant argued on appeal that his conviction on a single count of possession of methamphetamine was not sufficient to uphold a conviction for use of the mails to commit drug felonies.  He claimed that because he was not found guilty of any felony distribution charges, but merely an underlying offense of simple possession, his conviction on the communication facility charge could not stand because section 843(b) requires the use of a communication facility in the commission of a felony.  See Drennen, 1997 WL 543379, at *1.  The Fourth Circuit applied the Supreme Court's decision in United States v. Powell, 469 U.S. 57 (1984), which affirmed a long held rule that a criminal defendant convicted by a jury on one count cannot attack that conviction because the jury's verdict of acquittal on another count was inconsistent with the conviction.  See Powell, 469 U.S. at 64-65 (relating specifically to section 843(b)).  The Drennen court assumed, without affirmatively deciding, that a conviction under section 843(b) did not require a conviction of an underlying drug felony.  See Drennen, 1997 WL 543379, at *2.

Drennen and Powell provide a counter to the defendant's reliance, both in his memorandum and in the course of the August 9, 2005 hearing, on the pre-Powell decision of United States v. Webster, 639 F.2d 174, 189 (4th Cir. 1981), in which the court determined that the evidence was not sufficient to support a conviction for conspiring to possess with intent to

distribute or to distribute narcotics.  The Fourth Circuit found that the evidence showed only that the defendant purchased narcotics for his personal use.  See Webster, 639 F.2d at 188.  The defendant had also been convicted of violations of section 843(b) for using a telephone to cause or facilitate the commission of the charged conspiracy.  The Fourth Circuit reversed these convictions as well, stating that "[i]n drawing the indictment, the government elected to identify the conspiracy charge as the "felony" committed by use of the telephone.  Since we today reverse the conspiracy conviction the telephone convictions must also fail."  Id. at 189.  This decision, regarding the legitimacy of inconsistent verdicts, has little to do with the scope of section 843(b) and its holding has been explicitly undermined by the Supreme Court's subsequent decision in Powell.  See Powell, 469 U.S. at 64-65.

These decisions of the Fourth Circuit, both published and unpublished, reveal that the Fourth Circuit has adopted and applied the Fifth Circuit's definition of facilitate, based on a literal reading of section 843(b).  Lozano, 839 F.2d at 1023.  This affirms for the court the notion that section 843(b) should be read and interpreted pursuant to its plain language.  See Faircloth v. Land Packing Co., 91 F.3d 648, 653 (4th Cir. 1996) (noting that inquiry into statutory interpretation begins with examination of language used in statute).  In looking to this language, the court observes that section 843(b) does not place any limits on which or whose felony the use of the telephone must facilitate.  See 21 U.S.C. § 843(b) (stating it is unlawful for any person to use any communication facility in facilitating the commission of any acts or acts constituting a felony).  The court believes that the decisions of the Fifth and Seventh Circuit appropriately focus on the defendant's use of a communication facility in the "making easier" of the completion of any felony under the Controlled Substances Act.  See Kozinski, 16 F.3d at 807;

Phillips, 664 F.2d at 1032.   The decision of the Ninth Circuit, upon which the Sixth and Tenth Circuit relied, can be distinguished because the focus on mere possession had more to do with the underlying conspiracy felony alleged, rather than on whether the use of the telephone facilitated the offense.  See Martin, 599 F.2d at 888.

Moreover, the court also notes that this interpretation of the elements and reach of section 843(b) appears to coincide with the scheme of punishments outlined for violations of the Controlled Substances Act.  Although section 843(b) does require a connection with an underlying felony drug offense to the use of a communication facility, the maximum penalty of four (4) years for a violation of section 843(b) suggests to the court that the application of this statute does not hinge on whether the defendant committed the underlying felony.

The defendant argues that the Controlled Substances Act evinces a distinction in treatment between buyers of controlled substances for merely personal use and the more serious crimes of distribution and possession with intent to distribute.  The court finds that the present interpretation of section 843(b) does not undermine this distinction.  Individuals who are liable for distribution of cocaine base or possession with intent to distribute are subject to maximum penalties of at least twenty (20) years, and possibly longer, depending on the quantity involved. See 21 U.S.C. § 841(a)(1).  Individuals who are liable for simple possession only are subject to imprisonment for up to one year, provided certain other factors are not present that would lengthen this period.  See 21 U.S.C. § 844(a).  The maximum penalty of four years for a violation of section 843(b) suggests to the court that the appropriate focus of this statute is on whether the use of the telephone facilitated any felony offense, whether the defendant's or that of another. The difference in this penalty from those prescribed under section 841(a)(1) confirms to the court

that the focus is not on whether the defendant himself committed the underlying felony, but whether his use of the phone made the commission of such felony easier.  See Lozano, 839 F.2d at 1023 (citing Phillips, 664 F.2d at 1032)).

Additionally, the court also considers that each of these cases arose in the context of a challenge to the sufficiency of the evidence to support section 843(b) convictions - none arose in the instant posture, which poses a much higher standard for the defendant.  Accordingly, the court finds that, even assuming the facts as offered by the defendant, Counts One and 74-77 do state valid crimes.

Finally, with respect to Count One, none of the cases relied on by the defendant involving the interpretation of section 843(b) concerned a conspiracy to violate 843(b), as does the instant indictment.  The essence of a conspiracy is an agreement, not the commission of the substantive offense.  See United States v. Mercer, 165 F.3d 1331, 1335 (11th Cir. 1999).  Accordingly, whether the acts facilitated by the defendant's use of a telephone involved felony amounts of cocaine base or not, the commission of this substantive offense is not the proper focus in addressing the sufficiency of a conspiracy count.  The evidence may very well show that the defendant and Burleson agreed to use the phone to facilitate Burleson's distribution of cocaine base.  That the object of the conspiracy is properly alleged to be a criminal act is sufficient for the indictment to survive dismissal.  See Williams, 152 F.3d at 299.

C. Buyer-Seller Rule

The parties, both in the course of their memoranda and during the August 9, 2005 hearing, also raised the issue of the buyer-seller rule as applied to the defendant's conduct.  The purpose of the buyer-seller rule, as recognized by a number of circuits, including this one, "is to

separate consumers, who do not plan to redistribute drugs for profit, from street-level, mid-level, and other distributors, who do intend to redistribute drugs for profit, thereby furthering the objective of the conspiracy." United States v. Ivy, 83 F.3d 1266, 1285-86 (10th Cir. 1996). The Fourth Circuit has approved the notion that an instruction may be warranted concerning the buyer-seller defense, to the extent that being a mere buyer does not indicate participation in a conspiracy. See Mills, 995 F.2d at 485. Again, such an instruction would rely on evidence established at trial, not in the context of a motion to dismiss an indictment. Even if the defendant is correct in arguing that much of the forecasted evidence only indicates buy-sell transactions, the Fourth Circuit has described that "evidence of a buy sell transaction is at least relevant (i.e., probative) on the issue of whether a conspiratorial relationship exists." Id.

In any case, any discussion of the buyer-seller rule and the evidence supporting such a possible instruction is premature in this posture. The court need only examine whether the indictment states a crime. Assuming that the government identifies either the facilitated felony as Burleson's distribution of cocaine, or a conspiracy to possess with intent to distribute cocaine, Counts 74-77 do state valid crimes and the court lacks the authority to review further the evidence supporting such charges. As stated above, Count One, the conspiracy count, does not require such specificity because it is the unlawful agreement to violate section 843(b) itself that is targeted.

The government, beyond arguing that the defendant's reliance on the buyer-seller rule is misplaced, also contends that conspiracy to possess over five grams of crack cocaine is a lesser-included offense of conspiracy to possess with intent to distribute. As such, the government claims that even considering the defendant's factual proffer, the evidence reveals that the

defendant conspired with Burleson to possess crack cocaine that, over time, amounted to more than five grams.  The government concludes that "the plain language of [section] 844 states that possession of five grams or more of cocaine base is a felony.  This entirely eliminates [the defendant's] mere possessor claim because he is, by virtue of incremental possession of quantities of cocaine base, not a mere user subject to only misdemeanor sanctions."  Govt. Response at 28.

As suggested above, this is where the government's argument as to aggregation goes a little astray and has caused some confusion.  The court takes this opportunity to clarify the issue.  As stated above, there is no real issue with respect to any aggregated felony possession of cocaine base on the part of the defendant because he is not charged with the felony crime of possession with the intent to distribute, in violation of 21 U.S.C. § 841(a)(1), or even with the misdemeanor or felony possession of cocaine base, in violation of 21 U.S.C. § 844(a).  Moreover, the government has not argued that the felony facilitated by the defendant's use of the telephone was any other than Burleson's felony distribution of cocaine base.  Thus, the only charge in which the aggregation issue is relevant is the charge of conspiracy to possess with intent to distribute, in violation of 21 U.S.C. § 846.

The court next observes that possession of cocaine base is not a lesser-included offense of conspiracy to possess cocaine base because the elements in a section 846 conspiracy to possess charge do not require proof of the defendant's possession of cocaine base.  See Patterson v. United States, 2005 U.S. Dist. Lexis 9529, at *21-22 (W.D.N.C. May 12, 2005) (noting that Fourth Circuit indicated in unpublished opinion that simple possession is not lesser-included offense of conspiracy to possess with intent to distribute); see also United States v. Colon, 268

23

F.3d 367, 377 (6th Cir. 2001) (holding that simple possession of cocaine is not lesser included offense of conspiracy to possess cocaine with intent to distribute).

The Fourth Circuit, in United States v. Baker, 985 F.2d 1248, (4th Cir. 1993), in reviewing whether a defendant was entitled to a lesser included offense instruction, indicated that a conspiracy to possess cocaine base is a lesser included offense of conspiracy to possess with intent to distribute cocaine base.  See Baker, 985 F.2d at 1258-59 (noting that it is irrelevant whether individual was charged in indictment with lesser offense and analogizing lesser offense of simple possession to possession with intent to distribute to conspiracy version).  The Baker court held that it was error for the district court to refuse to give the lesser included offense instruction and remanded to the district court so that the district court could "after hearing from all parties and obtaining the government's consent, set aside Baker's conspiracy to distribute conviction and enter a judgment for the included offense of conspiracy to possess instead." Accordingly, even though this issue is not necessarily germane to the motion to dismiss the indictment because a valid crime of conspiracy to possess with intent to distribute is stated in the indictment, the court believes that conspiracy to possess five grams of cocaine base is lesser-included offense of conspiracy to possess with intent to distribute fifty grams or more of cocaine base.  Whether the evidence supports a lesser-included offense instruction is, of course, a matter to be determined at a later date.

## IV. Conclusion

For these reasons, as well as those stated by the court on the record during the August 9, 2005 hearing, the court find that the indictment is valid on its face.  Accordingly, the court **DENIES** the defendant's motion to dismiss.

The Clerk is **REQUESTED** to send a copy of this Order to counsel for the defendant and for the government.

It is so **ORDERED**.

/s/
_____
Jerome B. Friedman
UNITED STATES DISTRICT JUDGE

August 12th, 2005
Norfolk, Va.